IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-01162-WYD-MJW

THREE STARS PRODUCTION COMPANY, LLC,
an Oklahoma Limited Liability Company,

      Plaintiff,

v.

BP AMERICA PRODUCTION COMPANY,
a Delaware Corporation, f/k/a Amoco Production Company,

      Defendant.

---

**ORDER**

---

**I.**    **INTRODUCTION**

THIS MATTER is before the Court on the Motion of Defendant BP America Production Company ("BP") Pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19 filed on May 23, 2011 (ECF No. 10).  A response was filed on June 15, 2011 (ECF No. 14), and a reply on July 5, 2011 (ECF No. 16).  In addition, Plaintiff Three Stars Production Company, LLC ("Three Stars") filed a surreply on July 15, 2011 (ECF No. 24), and BP filed a response to the surreply on July 25, 2011 (ECF No. 27).

**II.**    **BACKGROUND**

This case involves a dispute over proceeds derived from an oil and gas well, designated as the Southern Ute 53-1 Well ("Well"), located within the exterior boundaries of the Southern Ute Indian Tribe Reservation in La Plata County, Colorado. The land is owned by the United States in trust for the Southern Ute Indian Tribe

("Tribe").  Three Stars alleges that the Well lies within an established 320-acre drilling and spacing unit, yet Defendant BP has wrongfully distributed the proceeds from the Well on a 240-acre basis.  Three Stars has recently acquired the leasehold interest in the 80 acres allegedly within the drilling unit but not included in Defendant's 240-acre distribution area.  Three Stars is suing for 25 percent of the proceeds from the Well dating back to 1992, when the Well first became operational, and a constructive trust that would provide for 25 percent of the proceeds going forward.  Compl., ECF No. 1, ¶¶ 103-104, 106, 139, 143.

BP argues that the Department of the Interior ("DOI"), the Tribe, and the other owners of interest in the Well are indispensable parties in this action, and therefore must be joined or the action dismissed pursuant to Fed. R. Civ. P. 19.  BP also requests an order pursuant to Fed. R. Civ. P. 12(b)(7) requiring Three Stars to file an amended complaint joining these parties to this action.  Further, BP contends that the Southern Ute Indian Tribal Court ("Tribal Court") has already determined that the DOI is an indispensable party in this dispute, and thus the doctrine of issue preclusion, also known as collateral estoppel or res judicata, prohibits Plaintiff from relitigating the issue here.[1]  BP also alleges that the absence of mineral development on the subject lands resulted in the title to those mineral acres reverting back to the Tribe in 1966, well

---

[1] The previous action, commenced by Three Stars in February 2010, involved the same parties, dispute, and claims for relief.  The Tribal Court issued an order in July 2010 finding the DOI to be an indispensable party and dismissing the case after the DOI declined to voluntarily join the litigation, stating, "Any order purporting to pool or communitize non-Indian and Indian mineral leases must be approved by the United States Department of Interior....The Southern Ute Tribal Court could not render an enforceable judgment without the participation of the United States Department of the Interior."  The Southwest Intertribal Court of Appeals for the Southern Ute Tribal Court affirmed the decision in May 2011.  BP's Mot. to Dismiss, ECF No. 10, at 2-3.

before Three Stars obtained the leases for the subject lands via a default judgment proceeding in a Colorado state district court in September 2009. BP's Mot. to Dismiss, ECF No. 10, at 6 n.2; BP's Reply in Supp. of Mot. to Dismiss, ECF No. 16, at 5.

Plaintiff Three Stars counters by arguing that issue preclusion does not apply in this case and that Rule 19 does not require joinder of any additional parties. Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 14, at 7-8, 13-17. Three Stars further contends that BP's argument regarding the alleged reversion of title to the subject acres is without merit and is belied by the Tribe and BP's previous statements regarding the subject acres. Pl.'s Surreply to Def.'s Reply in Supp. of Mot. to Dismiss, ECF No. 24, at 5-10.

For the reasons stated below, I find that the Tribe and the DOI are indispensable parties in this action, and, therefore, that BP's Motion Pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19 (ECF No. 10) should be granted and this case dismissed for failure to join an indispensable party.[2]

### III.   ANALYSIS

I begin my analysis by examining BP's claim of issue preclusion. If I conclude that the doctrine of issue preclusion applies, my analysis will be complete. However, if I conclude that issue preclusion does not apply, I will continue my analysis by applying Rule 19 to the facts of the case to determine whether the DOI, the Tribe, or any other owners of interest in the Well are required parties to this action.

---

[2] I note that on September 15, 2011, Defendant BP filed an unopposed motion for oral argument on its motion under Rules 12(b)(7) and 19. (ECF No. 31). BP's motion is denied as I find that oral argument is not necessary for resolution of the motion under Rules 12(b)(7) and 19.

### A. <u>Issue Preclusion</u>

BP argues that the doctrine of issue preclusion bars Three Stars from relitigating the question of whether the DOI is an indispensable party in this action because the issue was already considered and decided by the Tribal Court. Issue preclusion "bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Res. LLC v. United States Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004). Issue preclusion applies when:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.* (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

Given that Plaintiff Three Stars asserted essentially the same claims arising from the same dispute in a separate action before the Tribal Court, Compl., ECF No. 1, ¶¶ 11-12, the first, third, and fourth elements of the issue preclusion analysis have been satisfied. However, since the Tribal Court granted a motion to dismiss in that prior action based on Three Stars' failure to join an indispensable party pursuant to Rule 19, the prior action was not adjudicated on the merits.[3] Thus, I conclude that the doctrine of issue preclusion does not apply in this case.

---

[3] *See* Fed. R. Civ. P. 41(b) (stating that "any dismissal not under this rule – *except* one for lack of jurisdiction, improper venue, or *failure to join a party under Rule 19* – operates as an adjudication on the merits." (emphasis added)).

### B.     Rule 19 Analysis

Federal Rule of Civil Procedure 12(b)(7) allows for dismissal for failure to join a person under Rule 19. Rule 19 requires that I perform a two step analysis before dismissing a claim for failure to join an indispensable person. *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1288 (10th Cir. 2003). First, I must determine whether the absent person is a necessary party to the lawsuit. *Id.*; Fed. R. Civ. P. 19(a). A necessary party must be joined if joinder is feasible. *Id.*

If a party is necessary but joinder is not feasible, I must determine whether the party is indispensable. *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996). This inquiry requires me to consider "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In addition, "The standards set out in Rule 19 for assessing whether an absent party is indispensable are to be applied in a practical and pragmatic but equitable manner." *Rishell*, 94 F.3d at 1411.

#### 1.     Whether the DOI, the Tribe, or the Other Owners of Interest in the Well are *Necessary* Parties under Rule 19(a)

A party is deemed necessary when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

BP contends that if Three Stars prevails in its claims, it would result in a re-allocation of the revenue distribution from the Well on the basis of 320 acres instead of the current 240-acre distribution. Thus, current owners of interests in the Well, including the Tribe, the DOI, and various others, stand to lose 25 percent of the proceeds they would otherwise accrue moving forward. BP's Mot. to Dismiss, ECF No. 10, at 7-8. Moreover, BP maintains that any decision concerning pooling of mineral interests or the execution of a communitization agreement on tribal lands requires the participation of the Tribe and approval of the DOI; therefore, they are both required parties. BP's Mot. to Dismiss, ECF No. 10, at 10 (citing *Jicarilla Apache Tribe v. Hodel*, 821 F.2d 537, 540 (10th Cir. 1987)); *see also Petrogulf Corp. v. Arco Oil & Gas Co.,* 92 F. Supp. 2d 1111, 1111 (D. Colo. 2000).

Three Stars responds to these claims by first arguing that because all of the owners of interest in the Well have profited from BP's allegedly wrongful distribution of Well proceeds, they are akin to joint tortfeasors, which are not required parties under Rule 19. Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 14, at 13. Second, Three Stars contends that BP, as the operator of the Well, is the only party liable for Plaintiff's damages, so there is no basis for Three Stars to name any other parties in the suit. *Id.* at 14. Third, Three Stars argues that if it prevails on its claims, BP would potentially have an independent cause of action for indemnification against the other owners of interest in the Well, and potential indemnitors are never considered to be necessary parties. *Id.* at 15. Finally, Three Stars insists that it is not seeking to pool or communitize its lease with the Tribal Lease, but rather has brought causes of action for

continuing trespass and drainage, conversion, civil theft, unjust enrichment, and constructive trust. *Id.* at 8-10.

I find Three Stars' arguments to be unpersuasive. Clearly, if Three Stars prevails on its claims and a constructive trust is imposed on its alleged proportionate share of the proceeds from the Well, the interests of the DOI, the Tribe, and all other owners of interest in the Well will be substantially affected. Further, I agree with both the BP and the Tribal Court that, in effect, Three Stars is seeking retroactive and prospective pooling or communitization of its alleged mineral interest with those of BP, the Tribe, and the other owners of interest in the Well. BP's Mot. to Dismiss, ECF No. 10, at 7; BP's Reply in Supp. of Mot. to Dismiss, ECF No. 16, at 7. Approval of communitization agreements falls within the discretion of the Secretary of the Interior pursuant to 25 U.S.C. § 396d.[4] *See also Woods Petroleum Corp. v. U.S. Dept. of Interior*, 18 F.3d 854, 858 (10th Cir. 1994) ("The Secretary has the discretion to approve or disapprove Communitization or Unit Agreements based on a determination of whether approval would be in the best interests of the Indian lessor."); *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 923 (10th Cir. 1994); *Cheyenne-Arapaho Tribes of Oklahoma v. U.S.*, 966 F.2d 583, 588 (10th Cir. 1992); *Kirkpatrick Oil & Gas Co. v. United States*, 675 F.2d 1122, 1125 (10th Cir. 1982); 25 C.F.R. § 211.28. Therefore, this Court cannot provide Three Stars with the remedy it seeks without the participation of the DOI in the litigation.

---

[4] The statute states: "All operations under any oil, gas, or other mineral lease issued pursuant to the terms of sections 396a to 396g of this title or any other Act affecting restricted Indian lands shall be subject to the rules and regulations promulgated by the Secretary of the Interior. In the discretion of the said Secretary, any lease for oil or gas issued under the provisions of sections 396a to 396g of this title shall be made subject to the terms of any reasonable cooperative unit or other plan approved or prescribed by said Secretary prior or subsequent to the issuance of any such lease which involves the development or production of oil or gas from land covered by such lease."

Finally, concerning BP's claim that the 80 mineral acres reverted back to the Tribe prior to Three Stars obtaining leases to those lands, the merits of the claim are irrelevant at this stage of the litigation. Rule 19 is concerned with "claimed" interests; "[t]he underlying merits of the litigation are irrelevant" to the Rule 19 inquiry unless the claimed interest is "patently frivolous." *Davis*, 343 F.3d 1282, 1291 (10th Cir. 2003) (quoting *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 998 (10th Cir. 2001)). Because the Tribe asserted title to the minerals under the subject acres in the previous action before the Tribal Court, and as I do not find these claims to be frivolous, I conclude that the Tribe has an interest in the subject mineral acres, and that the Tribe's ability to protect that interest could be impaired if this action was disposed of in the Tribe's absence.

For the foregoing reasons, I find that the DOI, the Tribe, and the other owners of interest in the Well all have interests in the subject matter of this case that may be impaired by their lack of involvement in the litigation, and are, therefore, all necessary parties pursuant to Rule 19(a).

### 2.  Whether the DOI, the Tribe, or the Other Owners of Interest in the Well are *Indispensable* Parties under Rule 19(b)

In deciding whether a party is indispensable, I consider four factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  This list of factors is not exclusive.  *Davis*, 343 F.3d at 1289.

**Factor 1: Prejudice to the Absent Parties**

Given that the Tribe, the DOI, and the other owners of interest in the Well stand to lose 25 percent of their future proceeds from Well production should Plaintiff Three Stars prevail in the lawsuit, there is a clear risk that each could be prejudiced if the suit moves forward in their absence. However, the potential prejudice to an absent party "may be minimized if the absent party is adequately represented in the suit." *Rishell*, 94 F.3d at 1411 (quoting *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)).

Three Stars argues that BP and the other owners of interest in the Well have identical interests in keeping it from acquiring a portion of the proceeds from the Well, and BP—as one of the largest companies in the world—is more than capable of representing the interests of the other owners. Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 14, at 6-17. I am inclined to agree with Three Stars concerning the other owners of interest in the Well; however, both the Tribe and the DOI have interests involved in this case that are not shared by BP. Both the Tribe and the DOI have an interest in overseeing mineral production and communitization on tribal lands, and the Tribe has an interest in its alleged title to the subject mineral acres. Thus, I find that this factor weighs in favor of requiring joinder of the Tribe and the DOI, and against joinder of the other owners of interest in the Well.

**Factor 2: Whether the Prejudice Could be Reduced**

Concerning the second factor, Three Stars argues that the Court could shape a remedy in such a way that the Tribe/DOI's portion of the proceeds would not be disturbed but that would allow Three Stars to collect its alleged portion of the proceeds

from BP and the other owners of interest in the Well.  Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 14, at 18-19.  In other words, the Tribe/DOI receives approximately 18 percent of the proceeds currently; Three Stars is arguing that, should it succeed in the case without having joined the DOI or the Tribe, the court could fashion a remedy that would include only Three Stars' share of the remaining 82 percent of the total proceeds.  This would theoretically not prejudice BP or the other owners of interest because their resultant shares of the total proceeds would be the same as they would have been had the DOI and Tribe been joined.

The creative remedy outlined by Three Stars would protect the Tribe and the DOI from reduced future proceeds from the Well, but would not address their interests in overseeing gas and oil production on tribal lands or their oversight of communitization agreements.  In addition, and perhaps more importantly, this proposed remedy does not address the Tribe's alleged interest in the subject mineral acres.  For these reasons, I find that this factor ultimately weighs in favor of granting BP's motion vis-à-vis the Tribe and the DOI.

### Factor 3: Adequacy of the Judgment

As noted above, Three Stars insists that an adequate remedy would be possible if it prevailed and was awarded its alleged proportion of the proceeds currently distributed to BP and the other owners of interest in the Well.  This would, according to Three Stars, provide it with 82 percent of its actual damages.  Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 14, at 19.  However,

> [t]he Supreme Court has explained that Rule 19(b)'s third factor is not intended to address the adequacy of the judgment from the plaintiff's point

> of view.... The concern underlying this factor is not the plaintiff's interest "but that of the courts and the public in complete, consistent, and efficient settlement of controversies," that is, the "public stake in settling disputes by wholes, whenever possible."

*Davis*, 343 F.3d at 1293-94 (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968)). Accordingly, the Tenth Circuit has held that a judgment rendered in the absence of an Indian tribe that could lead to further litigation and possible inconsistent judgments is inadequate. *Id.* at 1294.

With this understanding of the "adequacy" of judgments made in the absence of necessary parties, I find that any judgment rendered in the absence of the Tribe or the DOI would be inadequate in that it would address neither the issue of communitization nor the Tribe's purported interest in the 80 mineral acres.

### Factor 4: Other Potential Remedies

As to the final factor, Three Stars contends that "the fact that BP paid wrongfully obtained proceeds from the Southern Ute 35-1 Well to the Tribe should not leave Three Stars without a remedy and should not insulate BP from liability for the damages it has caused to Three Stars."[5] Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 14, at 20. In this vein, the Tenth Circuit has observed that "[t]he absence of an alternative forum would weigh heavily, if not conclusively against dismissal." *Rishell*, 94 F.3d at 1413.

---

[5] The parties dispute whether an administrative remedy exists for Three Stars to pursue. BP claims that Three Stars may seek approval from the DOI for a communitization agreement. Def.'s Mot. to Dismiss, ECF No. 10, at 4. The DOI also acknowledged this possibility. *Id.* at Ex. C. Three Stars disagrees, however, arguing that "[b]ecause BP... refuses to sign a communitization agreement, there is no administrative remedies available to Three Stars to pursue and exhaust." Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 14, at 9. Because I find that the Tribe and the DOI to be indispensable parties even in the absence of any alternative forum, I need not determine whether such an administrative remedy exists.

On the other hand, the Tenth Circuit has recognized that "the plaintiff's inability to obtain relief in an alternative forum is not as weighty a factor when the source of that inability is a public policy that immunizes the absent person from suit." *Davis*, 343 F.3d at 1293-94.  In fact, the Court has stated that "[w]hen...a necessary party...is immune from suit, there is very little room for balancing of other factors set out in Rule 19(b), because immunity may be viewed as one of those interests compelling by themselves." *Enter. Mgmt. Consultants, Inc. v. U.S. ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989).

Given that the Tribe[6] and the DOI[7] enjoy sovereign immunity, Plaintiff's alleged lack of any other forum within which to litigate its claim does not weigh heavily against joinder of the Tribe or the DOI.  It is, however, a significant factor to consider in regard to the other owners of interest in the Well.

## IV.   CONCLUSION

Based on the foregoing and after consideration of all the relevant factors, I find that the other owners of interest in the Well are necessary but not indispensable parties to the action.  I do, however, find that the Tribe and the DOI are indispensable parties pursuant to Rule 19.  Accordingly, it is

ORDERED that the Motion of Defendant BP America Production Company Pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19 filed on May 23, 2011 (ECF No. 10) is **GRANTED**.  Plaintiff Three Stars Production Company, LLC must join the

---

[6] Indian tribes possess "the common-law immunity from suit traditionally enjoyed by sovereign powers."  *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).

[7] The United States and its agencies are immune from suits to which the United States has not consented.  *Smith v. United States*, 507 U.S. 197, 200 (1993); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Department of Interior and the Southern Ute Indian Tribe as parties to this action through the filing of an Amended Complaint, or if they cannot be joined, dismiss the action.

Dated: January 6, 2012

BY THE COURT:

.

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge