IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01162-WYD-MJW

THREE STARS PRODUCTION COMPANY, LLC,
an Oklahoma Limited Liability Company,

Plaintiff,

v.

BP AMERICA PRODUCTION COMPANY,
a Delaware corporation, f/k/a Amoco Production Company,

Defendant.

---

**ORDER REGARDING:**
**(1) DEFENDANT BP AMERICA PRODUCTION COMPANY'S MOTION TO STAY BRIEFING ON PLAINTIFF THREE STARS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOCKET NO. 51)**
**AND**
**(2) PLAINTIFF'S MOTION TO STAY (DOCKET NO. 58)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendant BP America Production Company's Motion to Stay Briefing on Plaintiff Three Stars' Motion for Leave to File Amended Complaint (docket no. 51) and Plaintiff's Motion to Stay (docket no. 58). The court has reviewed the subject motions, the responses (docket nos. 57 and 62), and the reply (docket no. 61). In addition, the court has taken judicial notice of the court's file and the pending case of Farmer Oil and Gas Properties, LLC v. Southern Ute Indian Tribe, Case No. 12-cv-00313-LTB ["Farmer Case"] and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the

following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant BP America Production Company requests in its motion (docket no. 51) that this court enter an Order staying additional proceedings on Plaintiff's Motion for Leave to File First Amended Complaint Pursuant to Fed. R. Civ. P. 15(a) (docket no. 48) pending decision by Chief Judge Daniel on Defendant BP America Production Company's Motion to Dismiss on Tribal Court Comity and Issue Preclusion Grounds Pursuant to Fed. R. Civ. P. 12(b)(1) (docket no. 33).  Defendant, in essence, argues that a stay will serve the interests of judicial efficiency and economy.

Plaintiff Three Stars Production Company, LLC requests in its motion (docket no. 58) that this court enter an Order staying this case until resolution of the Farmer Case pending before Senior Judge Babcock.

"The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings."  String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. North American Co., 299 U.S. 248, 254 (1936).

Here, the court finds, after reviewing the legal arguments presented by the parties, that resolution of the dispute between Farmer Oil and Gas Properties, LLC, and The Southern Ute Indian Tribe over the ownership of the coalbed methane underlying the Subject Lands in the Farmer Case pending before Senior Judge Babcock would assist Chief Judge Daniel in his determination of the disputed issues in the instant case.

Staying this action to allow Farmer Oil and Gas Properties, LLC, to adjudicate The Southern Ute Indian Tribe's claim of ownership of the subject minerals will meet the concerns that Defendant BP America Production Company has previously expressed to this court. See Reply of Defendant BP America Production Company in Support of Motion Pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19 at p. 5 (¶ 10) (docket no. 16). I further find that Plaintiff has demonstrated a real hardship or inequity if a stay is not granted pending resolution of the Farmer case. Ben Ezra, Weinstein, & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000). In addition, I find that absent undue prejudice, discovery and other pretrial proceedings in the instant case should await the resolution of the Farmer case. See Vivid Technologies, Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

Accordingly, in this court's discretion and in the interest of justice pursuant to S.E.C. v. Nacchio, 2005 WL 1799372 (D. Colo. July 28, 2005), the Plaintiff's Motion to Stay (docket no. 58) and Defendant BP America Production Company's Motion to Stay Briefing on Plaintiff Three Stars' Motion for Leave to File Amended Complaint (docket no. 51) are both granted. This case shall be **STAYED** pending resolution of the Farmer case.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **ORDERS**:

4

1. That Defendant BP America Production Company's Motion to Stay Briefing on Plaintiff Three Stars' Motion for Leave to File Amended Complaint (docket no. 51) is **GRANTED** as follow.  This case is **STAYED** pending resolution of the Farmer case;

2. That Plaintiff's Motion to Stay (docket no. 58) is **GRANTED.**  This case is **STAYED** pending resolution of the Farmer case;

3. That each party shall pay their own attorney fees and costs for the subject motions (docket nos. 51 and 58); and

4. That the Telephone Status Conference remains set before Magistrate Judge Watanabe on May 14, 2012, at 9:00 a.m. Plaintiff's counsel shall initiate the telephone conference call.  Once all participating parties are on the call, the court shall be added as the final connection by dialing 303-844-2403 at the scheduled time.

Done this 16th day of March 2012.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge